# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-991V
Filed: August 13, 2021
UNPUBLISHED

|  |  |
|---|---|
| MUHAMMAD JAFARY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza (flu) vaccine; Necrotizing myopathy |

*David J. Carney*, Green & Schafle, LLC, Philadelphia, PA, for petitioner.
*Matthew Murphy*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On August 7, 2020, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered necrotizing myopathy as a result of his receipt of the influenza vaccination on January 23, 2018. (ECF No. 1.) On February 11, 2021, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 16.) On June 25, 2021, I issued a non-pdf scheduling order directing petitioner to file an expert report in support of his claim.

On August 12, 2021, petitioner filed a Motion for a Decision Dismissing his Petition. (ECF No. 24.) In his motion, petitioner explains that he:

> engaged a reputable immunology/rheumatology expert to review the medical records and medical literature to analyze the merits of the case and the causal link between the vaccines and [p]etitioner's necrotizing myopathy. After undertaking the efforts above and in consultation with

---
[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[p]etitioner, [p]etitioner has made the decision to voluntarily withdraw his [p]etition for [c]ompensation."

(*Id.* at 3.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support his allegations by a preponderance of the evidence and he did not file a medical opinion from an expert in support of his allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.